IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| OMARI H. PATTON, | Civil Action No. 12 – 247J |
| Plaintiff, | |
| v. | District Judge Kim R. Gibson |
| | Chief Magistrate Judge Lisa Pupo Lenihan |
| ROBERT WERLINGER and BRYCE BURGETT, | |
| Defendants. | |

## **MEMORANDUM ORDER**

Plaintiff, Omari H. Patton, filed the above-captioned case on December 3, 2012. An Amended Complaint was filed on February 15, 2013, to which Defendants filed a Motion to Dismiss or, in the Alternative, Motion for Summary Judgment. On January 24, 2014, the United States Magistrate Judge issued a Report and Recommendation, recommending that the Motion be granted and giving the parties until March 14, 2014, to file written objections thereto. In response, Plaintiff filed a Motion on February 24, 2014 that was denied but otherwise construed as written objections, to which Defendants then filed a response. Plaintiff filed additional objections on March 11, 2014, and a reply to Defendants' response. While Plaintiff's objections do not undermine the recommendation of the Magistrate Judge, the Court will nevertheless discuss them briefly.

First, Plaintiff objects to the Magistrate Judge's recommendation that his claims be dismissed for his failure to exhaust his administrative remedies on the issues raised in this action.

Second, Plaintiff objects to her recommendation that he does not state a *prima facie* claim for retaliation.

With respect to the exhaustion issue, Plaintiff states that his administrative remedies were "unavailable" to him and that is why he could not exhaust them with respect to his claims. In support of this argument, Plaintiff states that he twice requested an administrative remedy form after he was put in the Special Housing Unit ("SHU") on December 8, 2010, but that staff refused to provide him with one. Therefore, he had his cellmate, Gary Howard, write a letter to the BOP Northeast Regional Office requesting a form but that he never received a response to his request. Although this letter was not produced by Plaintiff, and there is nothing in the record to indicate that the letter was ever sent to and/or received by the BOP Northeast Regional Office, Defendants correctly point out that production of this letter would not prove whether Plaintiff's access to the administrative remedy process was impeded and therefore rendered "unavailable."

Although Plaintiff alleges that he was denied access to the administrative remedy process by the staff at FCI-Loretto, and the BOP Northeast Regional Office, Plaintiff should have, as the Magistrate Judge noted, attempted to file an administrative remedy form after he arrived at FCI-Bennettsville on March 20, 2011. Plaintiff states that it would have been futile to do so at that point because he would have been time-barred under BOP policy. The Court is not persuaded by this argument. While the BOP regulations provide that an inmate has only 20 days to submit "a formal written Administrative Remedy Request" following the date on which the basis for the Request occurred, it also provides that an inmate may be granted an extension of time to do so if he demonstrates a "valid reason for the delay." *See* BOP Administrative Remedy Program, 28 C.F.R. § 542.14(8)(a)-(b). Indeed, the policy even states that a "valid reason" for a delay can include "an extended period in-transit during which the inmate was separated from documents

2

needed to prepare the Request or Appeal." Id. at § 542.14(8)(b) Plaintiff did not request an extension of time to file his request form, nor did he allege that he was impeded from doing so. Plaintiff's allegation that it would have been futile is rejected.

Finally, Plaintiff objects to the Magistrate Judge's alternative recommendation that his retaliation claim be dismissed based on the fact that his allegations fail to support the first prong of a retaliation claim – *i.e.*, that he engaged in constitutionally protected conduct when he exercised his first amendment rights by speaking on the telephone with a FCI-Loretto's officer's sister. Plaintiff is incorrect. The Magistrate Judge did not recommend dismissal on this basis. Instead she assumed for the sake of argument that even if Plaintiff's allegations supported the first two prongs of a retaliation claim, his claim should be dismissed because his allegations did not infer causation, the third prong of a retaliation claim. The Court does not find error in the Magistrate Judge's analysis.

Accordingly, after a *de novo* review of the pleadings and documents in this case, together with the Report and Recommendation, and objections thereto, the following Order is entered.

AND NOW, this 25th day of March, 2014,

**IT IS HEREBY ORDERED** that the Motion to Dismiss or, in the Alternative, Motion for Summary Judgment (ECF No. 19) is **GRANTED** and this case is **DISMISSED** with prejudice.

**IT IS FURTHER ORDERED** that the Report and Recommendation dated January 24, 2014 (ECF No. 35) is adopted as the Opinion of this Court as modified by this Order.

**IT IS FURTHER ORDERED** that the Clerk mark this case **CLOSED**.

**AND IT IS FURTHER ORDERED** that pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure, Petitioner has thirty (30) days to file a notice of appeal as provided by Rule 3 of the Federal Rules of Appellate Procedure.

Kim R. Gibson
United States District Judge

cc: Omari H. Patton
07410-068
FCI McKean
PO Box 8000
Bradford, PA 16701
*Via First Class Mail*

Counsel of Record
*Via ECF Electronic Mail*